IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TARA HUDSON,

      Plaintiff,

v.                              CASE NO. 5:19cv297-RH-MJF

WAFFLE HOUSE, INC.,

      Defendant.

_____/

**ORDER EXCLUDING EVIDENCE FOR WHICH
THE PLAINTIFF DOES NOT MAKE REQUIRED
26(a)(2) DISCLOSURES BY FEBRUARY 7**

This is a slip-and-fall case. The defendant has moved to exclude expert testimony for which the plaintiff failed to make disclosures as required by Federal Rule of Civil Procedure 26(a)(2). The deadline for the disclosures was December 20, 2019. The deadline for the plaintiff to respond to the motion to exclude the testimony was January 24, 2020. See N.D. Fla. Loc. R. 7.1. The plaintiff did not respond to the motion by the deadline. This was not the plaintiff's first failure to comply with the rules. *See* Order of January 18, 2020, ECF No. 28.

An order granting the motion to exclude the plaintiff's expert testimony had been signed and was in line for final proofreading when the plaintiff filed an

untimely response. The response asserted 26(a)(2) disclosures were made two days before the defendant filed its motion. This was 19 days late. More importantly, the disclosures were woefully deficient, at least as shown by this record. *See* ECF No. 23. The disclosures included no report at all for retained experts—that is, for witnesses who, under Rule 26(a)(2)(B), must provide a report. And for treating physicians—witnesses who are not required to provide a report—the disclosures listed the subject matter, as required by Rule 26(a)(2)(C)(i), but did not include "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii).

Rule 26(a)(2) disclosures are mandatory, not optional. So is responding to motions by the deadline established in the Local Rules.

Federal Rule of Civil Procedure 37(c)(1) provides that if a party fails to provide information as required by Rule 26(a), the party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." A party's failure to make Rule 26(a)(2) disclosures this late in the case ordinarily is not harmless; it interferes with the adversary's ability to prepare for trial. And the plaintiff has not suggested any substantial justification for the failure to make the required disclosures. These deadlines were set well in advance.

My consistent practice is to comply with the rule requiring exclusion of evidence, except when a failure to make required disclosures is substantially justified or harmless, both because the rule is binding and because it accords with fundamental fairness. A party whose attorney performs at the highest level of the profession and complies with the rules should not be at a substantive disadvantage against an adversary whose attorney does not perform at that level. There is no evidence that this plaintiff's attorney failed to make the required disclosures with the goal of gaining a substantive advantage. But if this plaintiff is allowed to present evidence despite failing to make required disclosures, word will get around. Other, less scrupulous attorneys will learn that they can get away with conduct of this kind. There will be no way to distinguish their cases from this one. Soon parties whose attorneys perform at the highest level of the profession will routinely be at a substantive disadvantage. This will not do.

This order gives the plaintiff one more chance. Instead of complaining about the defendant's insistence on compliance with the rules, the plaintiff's attorney must now comply. This is the last chance.

IT IS ORDERED:

The defendant's motion to exclude evidence, ECF No. 24, is granted in part. Evidence for which the required Rule 26(a)(2) disclosures have not been made in full by February 7, 2020 will be excluded.

SO ORDERED on January 28, 2020.

                                            s/Robert L. Hinkle
                                            United States District Judge